## Baltimore & O. S. W. Ry. Co. v. Daniel H. Wheeler.

1. INSTRUCTIONS—*Where the Case is Close.*—Where the case is close on the facts, the jury should be accurately instructed.

2. SAME.—*When a Party Can Not Complain.*—A party is precluded from asserting that the court erred in instructing the jury upon a certain theory, when he has requested instructions upon the same theory himself.

3. RAILROADS — *Kicking Cars Over Public Highways — Failure to Ring Bell, etc.*—*Negligence.*—Section six of the act in relation to fencing and operating railroads, requiring the ringing of the bell or the sounding of the whistle continuously for eighty rods before a public highway is reached, applies to cases where cars are kicked by an engine across a public highway, and the failure to ring the bell or sound the whistle in such cases is negligence.

4. ORDINARY CARE—*Question of Fact.*—It is a question of fact to be determined by the jury, whether or not, in a particular case, the lack of ordinary care is negligence.

5. WORDS AND PHRASES—"*Weight*" and "*Preponderance.*"—An instruction which informs the jury that if they believe certain things "from the weight of the evidence," is tantamount to saying "from a preponderance of the evidence."

6. SAME—*Free from Negligence.*—The term, "free from negligence," as used in an instruction, is equivalent to "use of ordinary care."

Trespass on the Case, for killing domestic animals. Appeal from the Circuit Court of Wayne County; the Hon. CARROLL C. BOGGS, Judge, presiding. Heard in this court at the August term, 1895. Affirmed. Opinion filed March 7, 1896.

JOHN G. DRENNAN and ANDREW J. LESTER, attorneys for appellant.

HANNA & HANNA, attorneys for appellee.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

Appellant's main track runs nearly parallel with a certain public highway at Mill Shoals, and a side track leads from the main track to the public highway, a distance of about 360 feet, and thence across the public highway to a stave factory, which is about one-fourth of a mile from the main track. · On September 1, 1894, appellant's servants, in charge of a freight train, undertook to place two freight cars on the side track near the stave factory, and the engine was made to kick the two cars down the side track. Appellee, with wagon and team, was crossing the track on the public highway, when the two cars detached from the engine, struck and killed the horses and injured the wagon and harness. The bell was not ringing, nor was the whistle sounding, at the time; nor was there given any other warning of the approach of the cars, or of the proximity of the train, save the noise of running and the hallooing of a brakeman on the first of the moving cars, at or just before the time of the collision. The accident occurred at nightfall, and a barn interfered, to some extent, with appellee's view of the track.

A detailed statement of the facts is unnecessary, inasmuch as appellant does not contend that the evidence is insufficient to support the verdict. It is said, however, that this is a close case on the facts, and that, for this reason, the jury should have been accurately instructed. It is then urged that the court erred in certain parts of the charge to the jury.

Appellee's second instruction tells the jury that, if they believe certain things from the *weight* of the evidence, they should find for the plaintiff. The use of the word *weight* instead of *preponderance* is called error. The ordinary man

would not draw a fine distinction between the two words, and especially so when the word preponderance is so used in other instructions as to make it synonymous with the word weight.

The same instruction is criticised for using the clause, " if the plaintiff was free from negligence on his part," instead of the stock expression, " if the plaintiff used ordinary care." It is said that the first of these clauses is satisfied with the passiveness of appellee, while the second would require that he should do something to avoid injury. Let us see. Ordinary care means that one is actively using his faculties (doing something) to apprehend danger and avoid injury. A failure to observe ordinary care is negligence. Therefore, negligence is the failure to use one's faculties (to do anything) to avoid injury. Therefore, to be free from negligence is to use one's faculties (to do something), and does not, by any means, indicate mere passivity on the part of the injured person. There is no merit in the criticism. It is worthy of remark also that other instructions clearly informed the jury that appellee could not recover unless he was in the exercise of ordinary care at the time of the accident.

It is also urged that the right of recovery is predicated upon the failure of appellant to use ordinary care, and that this is treated as negligence *per se*, whereas it is a question to be determined by the jury whether or not in the particular case the lack of ordinary care is negligence. Without discussing this point, it is sufficient to say that the lack of ordinary care mentioned in the instructions, and which is called negligence, is expressly defined as consisting either in running over the crossing at a greater rate of speed than was reasonably safe to persons about to cross the track under the circumstances, or in not ringing the bell, or sounding the whistle, as required by law. When thus defined, the language used could not have misled the jury. Besides, the court gave instructions to the jury, at appellant's request, which conceded that the want of ordinary care on appellant's part was negligence. And shall appellant be permitted to blow hot and cold at the same time ?

Another criticism of some of the instructions is, that the liability is predicated upon the negligence of those in charge of the engine, when the engine was in fact detached from the cars at the moment of the collision. So is a bullet detached from the gun at the time of collision with the victim's heart, but the man who pulled the trigger is responsible for the consequences, nevertheless. The brakeman on the moving car is not charged with negligence for not setting the brakes, nor is appellant relieved from liability because the brakeman could not see the team in time to stop the train. Those in charge of the engine, without ringing the bell or sounding the whistle, kicked the cars over the public highway when it was too dark for the brakeman to see appellee's team in time to set the brakes and avoid the collision, or to give sufficient warning of danger, and appellant is liable for the resulting injury to one who was himself in the exercise of ordinary care at the time.

It is also argued that the statute requiring the ringing of the bell, or the sounding of the whistle continuously for eighty rods before a public highway is reached, " refers to trains when being moved with an engine attached." Therefore, this enactment is not applicable to a case in which the servants of the company are sending two cars along the track without an engine.

What is the spirit, what is the object of the law? Is it not that travelers upon the public highway may have notice of the fact that a train is about to cross the public highway, that they may avoid collision—injury—perhaps death? May not the danger to the unwarned be as great when the engine loosens its hold upon the cars, and leaves the forward movement to momentum, as when the engine pushes the cars over the highway? The only difference would be in the rate of speed. In the one case it is like a stone from a sling; in the other, it is like a bludgeon. It is unpleasant to be struck by either.

We have no doubt that the statute under consideration applies to cases where cars are kicked by an engine over a

public highway, and that the failure to ring the bell or sound the whistle in such cases, is negligence. But the court gave an instruction to the jury, at the request of appellant, which was framed upon the theory of appellant's liability for neglecting the statutory duty of ringing the bell or sounding the whistle. This precludes appellant from asserting now that the court erred in instructing the jury upon this theory.

There are other criticisms of the instructions, which are not of sufficient gravity to require particular notice.

Suffice it to say that the law was stated to the jury with substantial accuracy when the instructions are considered as a series, and that the verdict of the jury is fully justified by the evidence.

The judgment is affirmed.